[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Defendant's Motion to Dismiss
CT Page 4772
On June 3, 1996, the defendant, Edward C. Hrostek, filed an amended motion to dismiss and supporting memorandum pursuant to Practice Book § 815 and General Statutes § 54-56. "General Statutes § 54-56 provides, inter alia, that the court may dismiss an information `at any time, upon motion by the defendant . . . and order [the] defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the . . . continuing of such information or the placing of the person accused therein on trial.'" (Footnote omitted.) State v. Corchado, 200 Conn. 453, 459, 512 A.2d 183
(1986). The trial court's power to dismiss criminal proceedings "should be sparingly exercised and then only with great caution and awareness of the probable consequences." Id., 464. A proper exercise of discretion involves a balancing process "which weighs the interests of the state and society in having the defendant stand trial against the interest of the defendant. . . ." Id., 458. "[T]he discretion to be exercised must be informed and guided by considerations of fundamental fairness that are ingrained in the concept of due process of law." Id., 459.
The defendant essentially argues based on Practice Book § 815(5) that the information against him should be dismissed due to the insufficiency of evidence and lack of probable cause to justify bringing or continuing such information or placing the defendant on trial. According to the defendant there was no probable cause for his arrest subsequent to an allegedly illegal search and seizure of his residence, and, therefore, the charges against him should be dismissed.
In Segura v. United States, 468 U.S. 796, 813-16,104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), the Supreme Court held that police officers' illegal entry upon private premises did not require suppression of evidence subsequently discovered at those premises when executing a search warrant obtained on the basis of information wholly unconnected with the initial entry. In that case police unlawfully entered the defendant's apartment following an arrest. A limited security check was conducted during which the police observed various drug paraphernalia in plain view. The police then remained in the petitioner's apartment and secured the premises until a search warrant was obtained. Due to "administrative delay," the warrant was not obtained until nineteen hours after the initial entry. The CT Page 4773 petitioners moved to suppress all the evidence seized from the apartment.
In reaching its decision, the Court did not address whether the items observed during the initial warrantless search were properly suppressed. Nevertheless, regardless of the legality of the initial entry, the Court held that "the evidence discovered during the subsequent search of the apartment the following day pursuant to the valid search warrant issued wholly on information known to the officers before the entry into the apartment need not have been suppressed as `fruit' of the illegal entry because the warrant and the information on which it was based were unrelated to the entry and therefore constituted an independent source for the evidence." (Emphasis added.) Segura v.United States, supra, 468 U.S. 799, 813-14. According to the Court inSegura, "securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents." Id., 810. The "independent source" doctrine and the principles articulated in Segura were recognized by the Connecticut Supreme Court in State v. Ostroski,201 Conn. 534, 542, 518 A.2d 915 (1986) ("The exclusionary rule applies to suppress evidence obtained in violation of thefourth amendment to the United States constitution. Its sweep is not so broad, however, that it mandates suppression of evidence obtained independently of the illegality."). See also State v. Rogers,18 Conn. App. 104, 556 A.2d 1030 (1989).
In Murray v. United States, 487 U.S. 533, 537,108 S.Ct. 2529, 101 L.Ed.2d 472 (1988), the Court reaffirmed its holding in Segura and extended the scope of the independent source doctrine "to evidence initially discovered during, or as a consequence of, an unlawful search, but later obtained independently from activities untainted by the initial illegality." The court noted that "while the government should not profit from its illegal activity, neither should it be placed in a worse position than it would otherwise have occupied." Id., 542. Accordingly, the Court vacated the judgment and remanded these cases "for determination of whether the warrant-authorized search of the warehouse was an independent source of the challenged evidence." Id., 543-44.
The issue in the present case is whether the warrant-authorized search of the defendants premises was an independent source of the challenged evidence. The defendant alleges that the police entered his premises illegally prior to obtaining a CT Page 4774 warrant. "[W]hat counts is whether the actual illegal search had any effect in producing the warrant. . . ." Id., 542 n. 3. Judge Ronan duly issued a search warrant for the defendant's residence at 4 Melba Street based on observations made by police during an extended surveillance of two suspected drug dealers, along with information supplied to police by a confidential informant, all of which was known to the police prior to the alleged illegal entry. The information in the affidavit should be viewed "in the light most favorable to upholding the magistrate's determination of probable cause." State v. Vincent, 229 Conn. 164, 172,640 A.2d 94 (1994). "[T]he information possessed by the agents before they entered the apartment constituted an independent source for the discovery and seizure of the evidence now challenged." (Emphasis added.) Segura v. United States, supra, 468 U.S. 814. Accordingly, the Fourth Amendment does not "require suppression of the evidence seized during execution of the valid warrant," id. 803 n. 4; and the defendant's motion to dismiss based on insufficiency of evidence must therefore be denied.
The defendant claims that the narcotics seized at his apartment were discovered in a bedroom occupied by Anthony DiBiagio, and correctly points out that "[i]n order to prove illegal possession of a narcotic substance, it is necessary to establish that the defendant knew the character of the substance, knew of its presence and exercised dominion and control over it."State v. Alfonso, 195 Conn. 624, 633, 490 A.2d 75 (1985). "Where the defendant is not in exclusive possession of the premises where the narcotics are found, `it may not be inferred that [the defendant] knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference.'" Id. The jury is not entitled to conclude that the drugs belonged to the defendant "without positive evidence supporting such a conclusion." Id., 634. Nevertheless, the issue of whether the prosecution has established the elements of its case is a question for the jury at trial. In Alfonso, unlike the present case, after trial, the defendant appealed the trial court's denial of his motion for acquittal, claiming that "the evidence adduced at trial was insufficient to support a finding of guilty beyond a reasonable doubt." Id., 633. Unless it is conclusively established that the court has before it all the evidence that the state will be able to produce at trial, General Statutes § 56-54, which provides that the court may dismiss information for lack of sufficient evidence, is an insufficient basis on which to dismiss an information. State v. Bellamy, 4 Conn. App. 520, CT Page 4775 527-28, 495 A.2d 724 (1985).
It may turn out, indeed, that at trial the state may not produce other incriminating evidence to buttress the inference that the presence of the drugs in question were known to the defendant and controlled by him. The failure to produce "other incriminating statements or circumstances tending to show ownership and/or control would and should lead to the defendant's acquittal at trial." State v. Alfonso, supra.
In addition, the defendant seeks dismissal of his case on the basis of the denial of a speedy trial under the authority of § 54-82m of the Connecticut General Statutes. He argues that because he was not offered a trial within 12 months of his arrest that the case against him must be dismissed. The defendant has neglected to consider, however, the entire text of the statute which provides as follows:
 ". . . (1) in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of a criminal offense shall commence within twelve months, from the filing of the information or indictment or from the date of arrest, whichever is later . . . and (2) if a defendant is not brought to trial within the time limit set forth in subsection (I) and a trial is not commenced within thirty days of a motion for a speedy trial made by the defendant at any time after such time limit has passed, the information or indictment shall be dismissed. . . ."
Although it is true that the defendant's trial has not commenced within 12 months of his indictment or arrest, the defendant has not, prior to the instant Motion to Dismiss, filed a Motion for Speedy Trial as required by § 54-82m. The term "and" is conjunctive and clearly sets out two requirements that must be satisfied in order to gain a dismissal: the passage of more than 12 months without a trial and the failure of trial to commence within the 30 day period following a Motion for Speedy trial. State v. Mooney, 218 Conn. 185, 217-218 (1991). Therefore, the defendant is not entitled to a dismissal on speedy trial grounds. His reliance on State v. Almgren, 12 Conn. App. 364, for the proposition that a Motion for a Speedy Trial is not necessary, is misplaced as the defendant in Almgren had actually filed five speedy trial motions prior to the trial court's denial of his motion, reversed on appeal. Almgren at 366. CT Page 4776
Skolnick, J.